UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE KYLE WYNN,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

Case No. 4:21-cv-10382
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13), GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16), and AFFIRM THE COMMISSIONER'S DECISION**

**I.    RECOMMENDATION**:  For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 13), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner's decision.

**II.    REPORT**

    Plaintiff, Terrance Kyle Wynn, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his application for supplemental security income (SSI) benefits.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF

No. 13), the Commissioner's cross-motion for summary judgment (ECF No. 16), Plaintiff's reply (ECF No. 17), and the administrative record (ECF No. 11).

### A.   Background and Administrative History

Plaintiff alleges his disability began on January 1, 2015, at the age of 45. (ECF No. 11, PageID.168.)  In his disability report, he lists several conditions (Heart burn/acid reflux, high blood pressure, sleep apnea, high cholesterol, gout, dyslexia, heart murmur, high risk of stroke, learning disability, anxiety, vision problems, and memory problems) as limiting his ability to work. (*Id.*, PageID.187.)  Plaintiff amended his onset date to July 2, 2019, *i.e.*, the date he filed his application. (ECF No. 11, PageID.80-81.)  His application was denied in September 2019. (*Id.*, PageID.100-122.)

Plaintiff requested a hearing by an Administrative Law Judge (ALJ). (*Id.*, PageID.141-144.)  On July 27, 2020, ALJ Ramona L. Fernandez held a hearing, at which Plaintiff and a vocational expert (VE), JoAnne White, testified. (*Id.*, PageID.77-99, 243-244.)  On August 4, 2020, ALJ Fernandez issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*, PageID.56-76.)

Plaintiff submitted a request for review of the hearing decision/order. (*Id.*, PageID.165-167.)  However, on January 4, 2021, the Appeals Council denied Plaintiff's request for review. (*Id.*, PageID.45-50.)  Thus, ALJ Fernandez's

decision became the Commissioner's final decision. Plaintiff timely commenced the instant action on February 22, 2021. (ECF No. 1.)

### B. Plaintiff's Medical History

The administrative record contains approximately 79 pages of medical records, which are comprised of: (1) treatment records from Michigan Medicine, dated May 2, 2019 to October 2019 (ECF No. 11, PageID.250-254 [Ex. 1F], 255-289 [Ex. 2F], 302-328 [Ex. 5F]); and, (2) two consultative examination reports, each dated August 26, 2019 (*id.*, PageID.290-293 [Ex. 3F], 294-301[Ex. 4F]). These materials were available to the ALJ at the time of her August 4, 2020 decision (*id.*, PageID.56, 75-76), and will be discussed in detail, as necessary, below.

### C. The August 4, 2020 Administrative Decision

Pursuant to 20 C.F.R. § 404.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2, 2019, the application date. (ECF No. 11, PageID.61.) At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: gout, dyspnea, adjustment disorder, and panic disorder. (*Id.*, PageID.61-62.)[1] At **Step 3**, the ALJ

---

[1] Dyspnea is "[s]hortness of breath, a subjective difficulty or distress in breathing, usually associated with disease of the heart or lungs; occurs normally during intense physical exertion or at high altitude." Stedman's Medical Dictionary 274360.

3

found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*, PageID.62-64.) **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity (RFC)[2] and determined that Plaintiff had the RFC:

> . . . to perform the full range of medium work [*i.e., exertional limitations*] . . . except he is limited to simple tasks that can be learned on the job within 30 days [*i.e., understanding and memory limitations*]. He is further limited to jobs involving routine changes and simple decision-making [*i.e., sustained concentration and persistence limitations*].

(*Id.*, PageID.64-70.) At **Step 4**, the ALJ determined that Plaintiff was capable of performing past relevant work as a production assembler "as generally and actually performed." (*Id.*, PageID.70-71.) Then, in an alternative **Step 5** finding, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff also could perform, such as: (1) a dishwasher, a hospital cleaner, and a warehouse worker (each unskilled/medium); and, (2) certain jobs at the light exertional level (*e.g.*, past relevant work as a production assembler "as generally performed but not in the capacity as performed[,]" a garment sorter, a night

---

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

4

cleaner, and an inspector/hand packager). (*Id.*, PageID.72-73.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since July 2, 2019, the date the application was filed. (*Id.*, PageID.73.)

    **D.    Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**E. Analysis**

In this appeal, Plaintiff claims "the ALJ never considered the Plaintiff's use of a cane in determining his [RFC], nor did the ALJ determine whether such use would affect the Plaintiff's ability to perform his past work or other work which exists in the economy." (ECF No. 13, PageID.332.) Put another way, Plaintiff

6

argues that the ALJ "failed to consider whether the Plaintiff's need to use a cane for standing and ambulation would interfere with his ability to perform work-related activities[.]" (*Id.*, PageID.335.)

Plaintiff's single statement of error arguably contains two components – one challenging the ALJ's treatment of the opinion evidence (*see* 20 C.F.R. § 416.920c, SSR 96-8p) and the other challenging the ALJ's treatment of Plaintiff's symptoms (*see* 20 C.F.R. § 416.929, SSR 16-3p). (ECF No. 13, PageID.332, 335-338.)

### 1. Opinion evidence

The ALJ expressly cited some of the opinion evidence at Step 2 and Step 3. (ECF No. 11, PageID.62-63.) Then, within the RFC determination, the ALJ found:

- Leonidas Rojas, M.D.'s August 26, 2019 consultative examination report "somewhat persuasive . . . [,]" (*id.*, PageID.67, 295-301 (emphasis added));

- Suzann M. Kenna, M.A., L.L.P. and Terrance A. Mills, Ph.D., L.P.'s August 26, 2019 consultative mental status examination report "not persuasive[,]" (*id.*, PageID.68-69, 291-293);

- State agency medical consultant Nancy L. Herta, M.D.'s September 11, 2019 opinion "somewhat persuasive . . . [,]" (*id.*, PageID.70, 109-110); and,

- State agency psychological consultant William Norton, Ph.D.'s September 9, 2019 opinion "persuasive . . . [,]" (*id.*, PageID.70, 105-107; *see also id.*, PageID.110-111).

7

Additionally, the ALJ considered the function report, signed by Allison Ben (Plaintiff's girlfriend), as "evidence," although not as "an opinion to be evaluated." (*Id.*, PageID.70, 201-208.)[3]

### a. Consultative examiners

Plaintiff's opinion evidence challenge concerns the ALJ's treatment of the consultative examination reports. (*See* ECF No. 13, PageID.332, 334, 336-337.) At the August 26, 2019 consultative mental status examination, Plaintiff "used a cane to ambulate[,]" and his gait "was slow even using a cane[,]" (ECF No. 11, PageID.292). At the same-day consultative physical examination, Dr. Rojas noted, presumably upon reports from Plaintiff: "He has had gout for several years occurring every month or two[,]" "[t]he attacks usually affect the dorsum of his right foot[,]" and "[h]is gout attacks respond well to Colchicine." (*Id.*, PageID.295.)[4] Dr. Rojas's physical examination revealed that Plaintiff was "in no acute distress but he gets around with a cane[,]" and "walk[ed] with mild limping on the right side, using a cane[,]" (*id.*, PageID.296), and Dr. Rojas concluded that

---

[3] Ms. Ben completed both the Function Report – Adult (ECF No. 11, PageID.201-208) and the Work History Report (*id.*, PageID.215-222). In the function report, Ms. Ben "checked" that Plaintiff uses a "cane," but she did not check the box by "walker." (ECF No. 11, PageID.207.)

[4] Colchicine is "[a]n alkaloid obtained from *Colchicum autumnale* (family Liliaceae)[.]" It is "used in the chronic treatment of gout[,]" and "[i]nhibits microtuble formation." Stedman's Medical Dictionary 187990.

"[t]ak[ing] into account all of [Plaintiff's] current symptoms and objective physical findings, it is felt that his ability to perform work-related activities is, at least, moderately impaired[,]" (*id.*, PageID.297). Moreover, in an attached "Neurologic and Orthopedic Supplemental Report," Dr. Rojas opined that clinical evidence supported the need for a walking aid; when asked to provide an explanation, Dr. Rojas checked the "reduce pain" box, next to which he wrote "gout." (*Id.*, PageID.299). The box marked "needed; would fall without aid; clinically req'd" was not checked. (*Id.*)

Preliminarily, it is important to clarify the appropriate regulation. To the extent Plaintiff argues that the ALJ did not "articulate the reasons underlying the decisions he has made[,]" (ECF No. 13, PageID.337), or "did not provide any reasons for rejecting [the consultative examiners'] opinion[s][,]" (*see* ECF No. 17, PageID.359-362), Plaintiff seems to be relying on 20 C.F.R. §§ 404.1527, 416.927; however, those regulations apply to claims filed *before* March 27, 2017. Plaintiff filed the SSI application at issue in this appeal on July 2, 2019; therefore, as to opinion evidence, the ALJ appropriately cited 20 C.F.R. § 416.920c, which concerns how the Social Security Administration considers and articulates "medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." (ECF No. 11, PageID.64).

9

As to articulation, the regulation provides: "We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record." 20 C.F.R. § 416.920c(b). Of particular import is the explanation that the supportability and consistency factors . . .

> . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision.

20 C.F.R. § 416.920c(b)(2). In Plaintiff's case, the ALJ considered Dr. Rojas's CE report in detail, including an express reference to Dr. Rojas's notes that Plaintiff had "mild limping on the [r]ight side, using a cane." (ECF No. 11, PageID.67-68, 296.) In the end, the ALJ articulated as follows:

> While the opinion was based on his exam findings, Dr. Rojas' opinion is vague in that it fails to use terms defined within Social Security Disability rules and regulations and provides little insight into the functional area and degree to which Dr. Rojas believes the claimant is limited. However, although the opinion remains vague, it is *somewhat persuasive to the extent that it is indicated by the minimal abnormalities found on exam, and the above listed residual functional capacity, which accommodates such findings*.

(ECF No. 11, PageID.67 (emphasis added).)

In this appeal, Plaintiff correctly notes that the ALJ acknowledged each consultative examiner's observation that Plaintiff ambulated with a cane. (ECF

10

No. 13, PageID.337; ECF No. 11, PageID.67-68, 292, 296.)  Still, Plaintiff claims that the ALJ "did not consider use of a cane in determining Plaintiff's [RFC], despite the opinion of the consultative examiner, Dr. Rojas, that clinical evidence supports the need for a walking aid[,]" or, put another way, the ALJ erred, because she "never considered this opinion in determining the Plaintiff's [RFC]."  (ECF No. 13, PageID.337; ECF No. 11, PageID.299; *see also* ECF No. 17, PageID.359.)  Plaintiff also claims that the ALJ "never recognized the opinion of Dr. Rojas that clinical evidence supports the need for a walking cane," nor did the ALJ "provide any reasons for rejecting this opinion . . . ."  (ECF No. 17, PageID.361.)

      Plaintiff's argument is unavailing.  As a preliminary matter, an ALJ need not cite each and every piece of evidence.  *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011) (an ALJ "is not required to analyze the relevance of each piece of evidence individually."); *see also, Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) and *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004).  More to the point, there is little question that the ALJ expressly referred to the three narrative pages of Dr. Rojas's consultative examination report, after which the ALJ explained why Dr. Rojas's opinion was vague but still "somewhat persuasive to the extent that it is indicated by the minimal abnormalities found on exam, and the above listed [RFC], which accommodates such findings."  (ECF No. 11, PageID.67, 295-297.)  And, even if

11

the ALJ did not expressly cite Dr. Rojas's "Neurological and Orthopedic Supplemental Report," (ECF No. 11, PageID.298-299), when that form asked the examiner to explain why clinical evidence supports the need for a walking aid, Dr. Rojas checked, "Reduce Pain," and did *not* check "Needed; Would Fall Without Aid; Clinically Req'd[,]" (ECF No. 11, PageID.299). (*See* ECF No. 16, PageID.355.) In other words, Dr. Rojas did not opine that a walking aid was clinically required. Accordingly, Plaintiff's assertion that "Dr. Rojas did not limit the need for a walking aid to only situations in which the Plaintiff was experiencing a flare of gout[,]" (ECF No. 17, PageID.360), is not convincing.

### b. State agency consultants

The ALJ considered Dr. Herta's September 2019 physical RFC assessment. (ECF No. 11, PageID.70, 109-110.) To provide context, the records available to Dr. Herta included the consultative examinations, each of which noted use of a cane. (*Id.*, PageID.104, 292, 296.) The state agency "decision rationale" notes, *inter alia*: "Primary physical issue appears to be gout which can be quite painful but is also episodic in nature. He reports gout attacks every month or two. He uses a cane for ambulation due to the gout pain in [right] Great Toe/Forefoot." (*Id.*, PageID.104.)

Dr. Herta opined that Plaintiff was capable of occasionally lifting and/or carrying 50 pounds; frequently lifting and/or carrying 25 pounds; standing and/or

walking for a total of about 6 hours in an 8-hour workday; sitting for a total of about 6 hours in an 8-hour workday; and limited in pushing and/or pulling in the lower extremities (right). (*Id.*, PageID.109.) When asked to explain exertional limitations, Dr. Herta further noted: "Claimant has occasional flares of gout in his [right] toe, may intermittently (approx. 1 day /month) be unable to use foot controls with his [right] foot[.]" (*Id.*) These limitations are consistent with work at the medium exertional level. (*Id.*, PageID.112.) *See* 20 C.F.R. § 416.967(c) (The physical exertion requirements of medium work involve "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

The ALJ found Dr. Herta's opinion "somewhat persuasive because the evidence of record supports it." (ECF No. 11, PageID.70.) The ALJ further articulated:

> The record notes no recent flares of the claimant's gout or any significant complaints that would affect Dr. Herta's opinion. The residual functional capacity for medium work adequately accommodates any supported limitations as of Dr. Herta's review date. However, the inability to use foot controls with his right foot one day per month is not supported by the record, as it is inconsistent with the claimant's reported flares up to two months apart. Furthermore, he admitted to infrequent use of medication, as discussed above. At the hearing, he testified that he has not taken any medication for his gout for the past four to five months prior to the hearing and he did not testify to any recent flares.

13

(*Id*.) Plaintiff argues that the ALJ "never determined whether use of a cane for standing or ambulation would adversely affect the Plaintiff's ability to perform medium work," (ECF No. 13, PageID.338), but he does so with reference to his own testimony and the consultative examiners' opinions (*id*., PageID.335-338). He has not shown error in the ALJ's reliance upon Dr. Herta's opinion that Plaintiff was capable of work at the medium exertional level.

## 2. Symptoms

At the outset of the RFC discussion, the ALJ explained that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." (ECF No. 11, PageID.64.) She then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (ECF No. 11, PageID.65.)

The ALJ made multiple references to Plaintiff's testimony, including, *inter alia*, Plaintiff's testimony that: (a) he had been using gout medication (*i.e.*, Colchicine) 1 or 2 times per month (*id*., PageID.86); (b) he cannot stand the first day after taking medication (*id*., PageID.88); (c) since he stopped drinking, he "ha[s] fewer little flares," (*id*., PageID.92-93); and, (d) he uses a cane "for standing

14

up . . . [;]" (*id*., PageID.94). (ECF No. 11, PageID.65, 67-68.) Ultimately, the ALJ determined that Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms" were "inconsistent." (*Id*., PageID.69.) In support of this statement, the ALJ considered Plaintiff's daily activities, medications, and treatment records (*id*.), each of which is a factor set forth in the appropriate regulation. *See* 20 C.F.R. 416.929(c)(3)(i),(iv),(v).

Plaintiff also points to his testimony regarding an ambulation aid, his attacks of gout, the gout medication, and its effect upon his pain. (*See* ECF No. 13, PageID.332-334, 336-337 (citing ECF No. 11, PageID.86, 88, 91-92, 94).) He claims that the ALJ "never determined whether use of a cane for standing or ambulation would adversely affect the Plaintiff's ability to perform medium work . . . ." (ECF No. 13, PageID.338.) However, if Plaintiff intended to present a challenge to the ALJ's evaluation of symptoms, including pain, Plaintiff has not put forth a developed argument that the ALJ improperly applied 20 C.F.R. § 416.929. In fact, the Social Security Administration's symptoms evaluation reflects, *inter alia*: "He does not require a cane at all times and is used for pain relief during a flare rather than stability." (ECF No. 11, PageID.107-108.)

### F. Conclusion

At its heart, this appeal concerns the absence of an ambulatory aid within the RFC, *i.e.*, Plaintiff argues that "he needs to use a cane." (ECF No. 13, PageID.335,

15

337-338; ECF No. 17, PageID.359-362.)  Likewise, Plaintiff contends, the mirroring hypothetical posed to the VE at the administrative hearing "failed to consider the impact of use of an assistive device for ambulation," and "does not paint an accurate picture of [his] impairments[.]"  (ECF No. 11, PageID.95; ECF No. 13, PageID.338; ECF No. 17, PageID.362.)

Plaintiff has the burden of proof on his statement(s) of error.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.").  As detailed in the foregoing discussion, Plaintiff has not shown legal error in the ALJ's RFC determination.  Accordingly, for the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 13), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner of Social Security's decision.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must precisely recite the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 16, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE