UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE K. WYNN,

    Plaintiff,

v.

Case No. 21-cv-10382
Hon. Matthew F. Leitman

COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

_____/

**ORDER (1) SUSTAINING PLAINTIFF'S OBJECTIONS (ECF No. 20) TO REPORT AND RECOMMENDATION (ECF No. 19); (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13); (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16); AND (4) REMANDING FOR FURTHER PROCEEDINGS**

    In this action, Plaintiff Terrance K. Wynn challenges the denial of his application for supplemental security income benefits under the Social Security Act. (*See* Compl., ECF No. 1.)  Both Wynn and Defendant Commissioner of Social Security have filed motions for summary judgment. (*See* Wynn Mot., ECF No. 13; Comm'r Mot., ECF No. 16.)  The assigned Magistrate Judge then issued a Report and Recommendation in which he recommended that the Court deny Wynn's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 19.)

    Wynn has now filed timely objections to the R&R. (*See* Objections, ECF No. 20.)  After a careful review of these objections, the Court concludes that Wynn is

1

entitled to relief in the form of a remand. Therefore, for the reasons explained below, the Court **SUSTAINS** Wynn's objections, **GRANTS** his motion for summary judgment to the extent it seeks a remand, **DENIES** the Commissioner's motion for summary judgment, and **REMANDS** this action for further administrative proceedings.

# I

## A

On July 2, 2019, Wynn applied for supplemental security income benefits under the Social Security Act. (*See* Admin. R., ECF No. 11, PageID.168.) In his application, Wynn claimed that several impairments limited his ability to work, including: heart burn/acid reflux, high blood pressure, sleep apnea, high cholesterol, gout, dyslexia, heart murmur, high risk of stroke, learning disability, anxiety, vision problems, and memory problems. (*See id.*, PageID187.) The Social Security Administration denied Wynn's application in September 2019. (*See id.*, PageID.100-122.)

## B

After the Social Security Administration denied Wynn's application for benefits, he requested a hearing before an Administrative Law Judge (the "ALJ"). (*See id.* at PageID.141-144.) That hearing was held on July 27, 2020. (*See id.*, PageID.77-99.) Both Wynn and a vocational expert testified at the hearing. Wynn

2

testified, among other things, that he sometimes uses a cane or walker when he has a "flare" up due to his gout. (*Id.*, PageID.88, 94.) The ALJ also considered medical opinions from consultants who reviewed Wynn's medical records including Dr. Leonidas Rajas, a state consultative examiner.

On August 26, 2019, the ALJ issued a written decision determining that Wynn was not disabled within the meaning of the Social Security Act and denying his application for benefits. (*See* ALJ Decision, *id*, PageID.56-76.) The ALJ first determined that Wynn suffered from the following severe impairments: gout, dyspnea, adjustment disorder, and panic disorder. (*See id.*, PageID.61-62.) The ALJ then found that Wynn did not have an impairment or any combination of impairments that met or medically equaled the severity of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (*See id.*, PageID.62-64.) Next, the ALJ determined that Wynn had the residual functional capacity ("RFC") "to perform the full range of medium work as defined in 20 CFR 416.967(c) except he is limited to simple tasks that can be learned on the job within 30 days. He is further limited to jobs involving routine changes and simple decision-making." (*Id.*, PageID.64.) Based on this RFC, the ALJ concluded that Wynn was capable of performing his "past relevant work as a production assembler." (*Id.*, PageID.70.) Finally, the ALJ further found that, considering Wynn's age, education, work experience, and his RFC, there were a number of other jobs in the national economy that Wynn could

3

also perform. (*See id.*, PageID.72-73.)  The ALJ thus concluded that Wynn was not suffering from a disability under the Social Security Act, and he was therefore not entitled to benefits under the Act. (*See id.*)

On August 4, 2020, Wynn appealed the ALJ's decision to the Appeals Council, but that body denied his request for review. (*See id.*, PageID.45-47.)

## C

On July 22, 2021, Wynn filed this action seeking judicial review of the administrative decision denying his application for benefits. (*See* Compl., ECF No. 1.)  Wynn and the Commissioner then filed cross-motions for summary judgment. (*See* Wynn Mot., ECF No. 13; Comm'r Mot., ECF No. 16.)  In his motion for summary judgment, Wynn presented a single issue for decision by the Court:

> The Plaintiff testified that he uses a walker and a cane for ambulation, particularly when experiencing attacks of gout. The record confirms that the Plaintiff was found to ambulate with a cane. The Acting Commissioner's consultative examiner reported that use of a cane was medically necessary, based upon clinical findings. Yet, the ALJ never considered the Plaintiff's use of a cane in determining his residual functional capacity, nor did the ALJ determine whether such use would affect the Plaintiff's ability to perform his past work or other work which exists in the economy. Did the ALJ consider all of the Plaintiff's functional limitations in determining his residual functional capacity (RFC)?
>
> The Plaintiff submits that the answer is "No."

(Wynn Mot., ECF No. 13, PageID.332.)

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on May 16, 2022. (*See* R&R, ECF No. 19.) In the R&R, the Magistrate Judge recommended that the Court grant the Commissioner's motion and deny Wynn's motion. (*See id.*) The Magistrate Judge concluded that the ALJ adequately considered both the opinion of Dr. Rojas and whether the use of a cane would limit Wynn's ability to work. (*See id.*)

## II

### A

Wynn filed his objections to the R&R on May 27, 2022. (*See* Objections, ECF No. 20.) The objections are somewhat difficult to follow, but it appears that Wynn is making two related objections. First, he appears to object to the Magistrate Judge's conclusion that the ALJ adequately considered and accounted for the opinion of Dr. Rojas. Second, he appears to object to the Magistrate Judge's conclusion that the ALJ adequately considered his claimed need for a cane when the ALJ formulated the RFC. The Court concludes that the ALJ erred in both respects identified by Wynn.

### B

The Court first agrees with Wynn that the manner in which the ALJ addressed the opinion of Dr. Rojas is insufficient. Dr. Rojas examined Wynn in August 2019. (*See* Rojas Examination, Admin. R., ECF No. 11, PageID.294-301.) Based upon his

5

examination, Dr. Rojas found that the "clinical evidence supported Wynn's need for a walking aid" and that Wynn's "ability to perform work-related activities is, at least, moderately impaired." (*Id.*, PageID.297.)

The ALJ offered the following analysis of Dr. Rojas' opinion:

> While the opinion was based on his exam findings, Dr. Rojas' opinion is vague in that it fails to use terms defined within Social Security Disability rules and regulations and provides little insight into the functional area and degree to which Dr. Rojas believes the claimant is limited. However, although the opinion remains vague, it is somewhat persuasive to the extent that it is indicated by the minimal abnormalities found on exam, and the above listed residual functional capacity, which accommodates such findings.

(ALJ Decision, ECF No. 11, PageID.67.) The ALJ purported to find Dr. Rojas' opinion "somewhat persuasive," but she did not meaningfully account for that opinion when formulating Wynn's RFC. (*Id.*) As noted above, Dr. Rojas opined that Wynn was "at least, moderately impaired," but the RFC does not reflect any moderate physical limitations. (*Id.*) On the contrary, the RFC provides that, from a physical perspective, Wynn can perform the "full range of medium work." (*Id.*)

Moreover, the ALJ's assessment of Dr. Rojas' opinion is internally inconsistent. The ALJ found the opinion "somewhat persuasive to the extent that it is indicated by the minimal abnormalities found on exam." (*Id.*) But if, as the ALJ seemed to conclude, Dr. Rojas found only "minimal abnormalities" on exam, it is not clear how those "minimal abnormalities" are consistent with her finding that

6

Wynn is "at least, moderately impaired." The Court needs a clearer understanding of how the ALJ evaluated Dr. Rojas' opinions and which portions of the opinions she found "somewhat persuasive."

The Court also agrees with Wynn that the ALJ did not adequately consider his need for a cane or explain why that purported need was not reflected in Wynn's RFC. Dr. Rojas found that Wynn requires a cane for pain relief. Unless the ALJ discounted Dr. Rojas' opinion, it would appear that Wynn's need for a cane would warrant physical limitations in Wynn's RFC. While the Court recognizes that an ALJ need not discuss every piece of medical evidence when determining an RFC, Dr. Rojas' opinion that Wynn needs a cane was too important to omit from the ALJ's analysis.

While the Court has questions about the ALJ's explanation for how she evaluated Dr. Rojas' opinions, the Court does not mean to suggest that Dr. Rojas' opinions should be given more (or any) weight, or that Dr. Rojas' opinions somehow entitle Wynn to an award of benefits. The Court is remanding simply because it cannot reasonably determine whether the ALJ erred in denying benefits without a clearer and more consistent explanation as to how the ALJ evaluated Dr. Rojas' opinions and considered those opinions in formulating Wynn's RFC.

## III

For all of the reasons explained above, Wynn's objections to the R&R (ECF No. 19) are **SUSTAINED**. Wynn's motion for summary judgment (ECF No. 13) is therefore **GRANTED** and the Commissioner's motion for summary judgment (ECF No. 16) is **DENIED**. This action is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126